Nott, J.,
delivered the opinion of the court:
This is an action brought to recover $32,154 85, being a balance due and unpaid on an account stated by the Third Auditor, approved and certified by the Second Comptroller. The original contract between the parties was for the sale of ll,739,864pounds of pure oats and 11,516,748 pounds of mixed grain; all of which was delivered to Quartermaster Stoddard, at Alexandria, Yir-ginia, in October, November, and December, 1863.
The case presents the curious anomaly of the Treasurer of the United States settling a cause of action pendente lite at one end of the avenue, while the claimant continues to prosecute the action and the Attorney General of the United States to defend it, at the other.
The facts stated in the order of their happening are these:
One White was a fraudulent contractor, (as is alleged by the claimant,) and the claimant was his clerk. The defendants having imprisoned White, and having refused to deal with him, the claimant in his own name offered to furnish the grain referred to, and his proposal was accepted. The claimant alone was known to the Quartermaster’s Department and the vouchers and drafts were issued to him; but White furnished the grain and received the money, allowing to the claimant a commission for his services and the use of his name.
The defendants having refused to pay the money due on the contract of sale, the claimant, on the 14th of January, 1864, at the request of White, executed a power of attorney in blank authorizing the blank attorney ufor me and in my name to collect and receive any and all moneys due and coming due to me,” die., die., u and to malee, execute, and deliver to any officer or person authorized by the said Government to pay said moneys a good and sufficient *369 release, acgmttal, or receipt for the same, or for any part that may he paid to my said attorneys, and generality to do any and all things necessary in the premises.” &c.
This power of attorney was not executed before two witnesses, but was acknowledged before and witnessed by a notary public.
The defendants thereafter paid on the account $154,856 03, which was paid over by the claimant to White, leaving due the balance sought to be recovered now.
White next inserted in the power of attorne3' the names of “ Theodore M. Davis, of Neto Yorlc City, and Thomas J. D. Fuller, of Washington, D. 0., as attorney in fact of National JBanlc of Metropolis, of Washington, D. G., to he my true and laioful attorneys,” t&c. He then instructed Mr. Fuller, who was an attorney and counselor at law, to bring an action in this court against the defendants. Mr. Fuller had no authority from the claimant other than the power of attorney. This action was brought, nevertheless, in the name of the claimant.
The petition averred that the suit was brought u for the use cmd benefit of A. M. White,” and recited that it was “ White who furnished the grain delivered to the United States in the name of your petitioner.”
After the suit was brought, but before the settlement of the cause of action previously alluded to, the claim ant twice called on the attorney of record. He requested to see the power of attorney, and his counsel, Mr. Atkinson, informed Mr. Fuller that the claimant “ claimed a partial interest inthe claim.” Buttheclaim-ant never disclaimed the suit, nor forbade it being prosecuted for the use and benefit of White, and on the contrary allowed it to go on, never pretending more than a partial interest in the cause of action.
The case came on to be heard the 23d April, 1868. The claimant, Stow, had retained Mr. Robert J. Atkinson as counsel, and he appeared and cooperated with the attorney of record. No objection was taken by the claimant or his counsel to the bringing of the action, nor was Mr. Fuller’s right to appear questioned. The case went off on a suggestion by the court as to the insufficiency of the evidence, and was continued over thé term.
During the vacation following, the cause of action was settled in this way: The National Bank of the Metropolis being-indebted to the defendants, and White being indebted to the *370 bank, a war warrant was drawn on tbe 7tb September, 1868, on tbe Treasurer of tbe United States for tbe balance of tbe account, payable to “Louis Stow, present, or order,” wbicbwas thus indorsed:
“Pay to tbe order of tbe National Bank of tbe Metropolis, Washington, D. C.
“LOUIS STOW,
“By T. J. D. FULLEE & THEO. M. DAYIS,
uAs his attorney-in-fact, and as attorney-in-fact of the
“National Banlc of the Metropolis of Washington, JD. G.
“Also tbe National Bank of tbe Metropolis of Washington, D. 0., by Tbeo. M. Davis, its attorney-in-fact, and as attorney of A. M. White, annexed.
“T. J. D. FULLEE, Attorney.
“THEO. M. DAYIS, Attorney as aforesaid.
“Pay to tbe order of F. E. Spinner, Treasurer United States, for tbe credit of the National Bank of tbe Metropolis, Washington, D. 0.
“ National Bank of tbe Metropolis of Washington, D. 0.,
“ By THEO. M. DAYIS, its attorney-inf act.”
On tbe 9th September a draft was drawn in favor of “ F. F. ¿¡pinner, Treasurer United States, assignee.” Tbe amount thereof was credited to tbe National Bank of tbe Metropolis, and. charged to Louis Stow by tbe defendants ; by tbe bank it was credited to White.
At tbe opening of tbe December term of this court after tbe settlement, Mr. Fuller appeared and informed tbe court that tbe case bad been settled by tbe parties be represented, and for whom be bad brought tbe suit, and suggested that tbe cause should be stricken from tbe docket. On the 7th December, Mr. Atkinson, as counsel for tbe claimant, procured an order granting leave to amend the petition, “ so far as relates to the suggestions contained therein relative to one A. M. White, mid his alleged interest therein, mid also to conform to the facts as they now stand.” The amended petition was then filed, and tbe case has now come up for bearing thereon. At tbe first trial tbe only question was as to tbe sufficiency of tbe account stated by the Third Auditor and Second Comptroller; at tbe second, tbe *371 only question is as to tlae conclusiveness of tbe settlement with White. Dp on all of these facts we are of the following opinion:
The claimant was the nominal contractor with the defendants, but White was the real party in interest. White might be estopped from taking advantage of his concealed attempt to deal with the defendants, but the defendants are not precluded from going behind the agent and settling with the principal.
The power of attorney, considered as an assignment or transfer of the claim, was void under the Act 26th February, 1853, (10 Stat. L., p. 170,) because it was not executed in the presence of “ two attesting witnesses after the allowance of such claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereofP But it was a sufficient authority to Mr. Fuller to bring the action, and the defendants were at liberty to deal with the claimant’s attorney pendente lite and settle the suit. The settlement must stand; if any question exist, it is a question between attorney and client.
By allowing this suit, brought for “ the use and benefit” of White, to proceed ¡ by his silence to his attorney of record and to the defendants; by his employing counsel to assist in prosecuting it as it originally stood, the claimant is estopped from alleging his own adverse interest against a settlement made before his new position was assumed and his present petition was filed. He virtually stood by and saw the suit settled, and his own act “ stoppeth or closeth up his mouth to allege or plead the truth.” (Co. Litfc., 352 a.)
By coming in and filing his amended petition in this the original action, the claimant ratified and adopted all that had been done before. In taking advantage of the suit brought for the use and benefit of another, instead of.bringing a suit of his own, he takes it cum onere and subject to all the acts and stipulations of his former attorney.
The judgment of the court is that the petition be dismissed.